UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv582
(3:07cr173)

| | | |
|---|---|---|
| WILLIAM A. MCDOWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATED OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on November 12, 2010 (Doc. No. 1). For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. PROCEDURAL HISTORY

Petitioner was convicted by a jury of conspiracy to defraud the United States, money laundering, and aiding and abetting mail fraud, 18 U.S.C. §§ 371, 1341, 1956(h) (2006), and was sentenced to a total term of 108 months imprisonment. He noted a timely appeal and his counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserted that there were no meritorious issues for appeal but questioned whether the district court erred in assigning a sixteen-level increase to Petitioner's base offense level based on the amount of loss involved. Petitioner filed pro se supplemental briefs in which he challenged this Court's calculation of loss attributable to him at sentencing. Petitioner also argued that his rights under the Speedy Trial Act were violated and that he was denied the effective assistance of counsel on this basis and

1

because his counsel failed to raise the issue of credits and exclusions for sentencing purposes under 2D1.1 of the Sentencing Guidelines, and failed to raise actual innocence under the money laundering statute. Petitioner argued that his ineffective assistance of counsel claims could be considered by the Court of Appeals because they were clear from the record. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

On July 16, 2010, the Fourth Circuit issued an unpublished opinion affirming Petitioner's conviction and sentence. United States v. McDowell, 2010 WL 2802738 (4th Cir. July 10, 2010) (unpublished). With respect to Petitioner's Speedy Trial Act violation, the Court noted that Petitioner's counsel did not move to dismiss the indictment based on the Act and therefore had waived the claim, but concluded that "[i]n any event, we find this claim meritless as the delays in the commencement of McDowell's trial resulted from his motions to continue, all of which were granted." Id. at * 2. With respect to the loss calculation claim, the Court concluded that "the district court did not clearly err in finding that the amount of loss for sentencing purposes was the aggregate face amount of the fraudulent loans issued." Id. at * 1. Petitioner did not file a petition for certiorari in the United States Supreme Court. On November 8, 2010. Petitioner filed the instant Motion to Vacate in which he contends that his counsel was ineffective for failing to move to dismiss the indictment under the Speedy Trial Act and for failing to object to the loss amount under 2B1.1(D) and (E) under the Sentencing Guidelines.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the

2

petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

A. Procedural Bar

Petitioner contends that his counsel was ineffective for failing to move to dismiss the Indictment based on a violation of the Speedy Trial Act and for failing to object to the loss amount. Petitioner raised the substance of these claims in his direct appeal to the Fourth Circuit Court of Appeals. With respect to the Speedy Trial Act violation, the Fourth Circuit noted that Petitioner's counsel did not move to dismiss the indictment based on the Speedy Trial Act, but concluded that "[i]n any event, we find this claim meritless as the delays in the commencement of McDowell's trial resulted from his motions to continue, all of which were granted." United States v. McDowell, 2010 WL 2802738 at * 2 (4th Cir. July 10, 2010) (unpublished). With respect to the loss calculation, the Court concluded that "the district court did not clearly err in finding that the amount of loss for sentencing purposes was the aggregate face amount of the fraudulent loans issued." Id. at * 1. The Court also noted that "[Petitioner's] argument that he should be credited with any recovery by the victim banks through foreclosure sales should be addressed in a motion to modify the restitution order." Id. [1]

The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974);

---

[1] Petitioner has not filed a motion to modify the restitution order.

Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate these claims in this proceeding, the claim are procedurally barred.[2]

### III. CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

### IV. ORDER

**IT IS, THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a

---

[2] To the extent the Fourth Circuit did not impliedly decide this specific loss issue as it related to Petitioner's counsel's ineffectiveness, the undersigned finds that Petitioner has not established the prejudice necessary under Strickalnd v. Washington, 466 U.S. 668 (1984). Indeed, in his supplemental brief to the Fourth Circuit Court of Appeals, Petitioner argued that his counsel was ineffective for failing to raise the issue of credits and exclusions with respect to loss pursuant to § 2B1.1, but conceded that he did raise the issue himself at sentencing. (Appeal No. 09-4351, Doc. No. 55). As Petitioner raised the issue himself during his sentencing, he cannot establish prejudice for his counsel having failed to raise the issue. Further, when the Court determined the loss calculation of between $1 million and $2.5 million, it considered the applicable provisions of the United States Sentencing Guidelines including the provisions cited herein by the Petitioner. Therefore, this Court's calculation, which the Fourth Circuit concluded was not in error, would not have been any different had counsel raised the objection Petitioner refers to herein. Therefore, to the extent this claim is not procedurally barred by the Fourth Circuit's unpublished opinion, the claim is denied as Petitioner cannot establish prejudice.

substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller -El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

**SO ORDERED**.

Signed: November 22, 2010

Frank D. Whitney
United States District Judge